Filed 10/9/25  P. v. Lopez CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,  Plaintiff and Respondent,  v.  JOSE CARLOS LOPEZ,  Defendant and Appellant. | D084936  (Super. Ct. No. FWV901942) |


APPEAL from a judgment of the Superior Court of San Bernardino County, Ingrid A. Uhler, Judge.  Affirmed and remanded with instructions.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

After a full resentencing following a change in law, Jose Carlos Lopez appeals two aspects of his sentence: (1) that the custody credits do not fully account for the time he served up to the August 2, 2024 resentencing, and

(2) the reimposition of the $5,000 restitution fine under Penal Code section 1204.4 when (a) the court did not orally pronounce it at resentencing and (b) a newly effective law requires the remaining balance to be vacated. The People concede error as to the calculation of custody credits. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concession and remand with instructions. In all other respects, we affirm.

## I.

In 2010, a jury found Lopez guilty of first degree murder (Pen. Code, § 187(a); count 1) with corresponding firearm and criminal street gang enhancements (§§ 12022.53(b), (c) & (d) & 186.22(b)(1)(C)); carrying a loaded firearm (§ 12031(a)(1); count 2); and possession of a firearm (§ 12021(a)(1); count 3) with a corresponding criminal street gang enhancement (§ 186.22(b)(1)(A)). Lopez was sentenced to a total of 91 years to life in prison, including a prior prison term enhancement (§ 667.5(b)). Among other fines, the court imposed a $5,000 restitution fine under section 1202.4 and a corresponding $5,000 parole revocation fine under section 1202.45. Lopez was credited for 455 days of time served.

On August 2, 2024, Lopez was resentenced under section 1172.75. At the resentencing hearing, the trial court struck the prior prison term enhancement, struck the criminal street gang enhancements, and reduced the sentence for the possession of a firearm from the upper term to the midterm. Lopez's sentence was reduced to 79 years to life in prison. During the oral pronouncement, the trial court did not mention fines of any kind.

## II.

### A.

Lopez argues, and the People concede, the trial court should have calculated his custody credits as of the resentencing date. We agree.

A defendant must be credited for any portion of a sentence already served when the judgment for the "same criminal act or acts" is "modified during the term of imprisonment." (§ 2900.1.) The sentencing court must determine the number of days to be credited. (§ 2900.5(d).) So "when a prison term already in progress is modified . . . , the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

Here, when resentencing Lopez, the trial court stated credits were "to be computed at the date of sentencing" without making that computation. The corrected minute order states "credits to be calculated as of *10/22/2010 sentencing date* and additional conduct credits to be calculated by Department of Corrections." (Italics added.) And the subsequent abstract of judgment credited Lopez for only the 455 days served at the time of his original sentencing.

Accordingly, we remand to the trial court with instructions to calculate Lopez's custody credits up to his August 2, 2024 resentencing.

### B.

Lopez challenges the section 1202.4 restitution fine listed in the abstract of judgment because (1) it was not orally pronounced at sentencing and (2) section 1465.9(d) mandates its remaining balance be vacated.

1.

The oral pronouncement at Lopez's resentencing did not address whether the trial court intended to impose any fines. The trial court therefore must clarify its oral pronouncement on remand.

The judgment against a defendant in a felony case must be pronounced by the court with the defendant, or an attorney for the defendant, present. (§§ 1191, 1193.) Restitution fines, as part of the judgment against a defendant, must be orally pronounced and cannot be "simply added to the judgment later outside defendant's presence." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 388-389.) Where there is a discrepancy between the oral pronouncement and the abstract of judgment, the oral pronouncement controls. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.)

In *Zackery*, the abstract of judgment included a $200 restitution fine and corresponding $200 parole revocation fine that were not orally pronounced at sentencing. (*People v. Zackery*, 147 Cal.App.4th at p. 388.) The court of appeal noted that, under section 1202.4, the trial court has discretion to impose a restitution fine but must state its reasons on the record for not imposing it. (*Id*. at p. 389.) The case was remanded to allow the trial court to "determine whether to impose restitution fines." (*Ibid*.)

Here, neither party is sure whether the trial court maintained the previous fines or chose not to impose fines. The court had the discretion to take either action. Lopez states that "[b]ecause the court said nothing about fines or fees . . . the court's intent cannot be discerned." The People find it "possible" the court "intended all of the uninvolved fines and fees to remain." Any oral reference or acknowledgment during the resentencing hearing that the trial court intended to retain unchanged the sentences and fines not affected by section 1172.75 would have been adequate to satisfy

4

pronouncement of punishment in Lopez's presence.  Yet the record contains no such reference; therefore, like *Zackery*, the difference in the present case between the oral pronouncement and abstract of judgment must be addressed by the trial court.

Accordingly, we remand to the trial court with instructions to clarify the oral pronouncement as to *all* fees and fines and amend the abstract of judgment in accordance with this guidance.

2.

To the extent the court reimposes the section 1202.4 restitution fine, it must vacate the remaining balance owed.

Effective January 1, 2025, any balance owed on a section 1202.4 restitution fine more than 10 years after the date of imposition "shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."  (§ 1465.9(d), added by Stats. 2024, ch. 805, § 1.)

Here, Lopez was ordered to pay a $5,000 restitution fine under section 1202.4 in 2010.  As the restitution fine was imposed over 10 years ago, it is no longer enforceable or collectible and any remaining balance must be vacated.  (§ 1465.9(d).)

Thus, to the extent the court reimposes the section 1202.4 restitution fine on remand, we direct it to vacate the remaining balance.

### III.

We remand to the trial court with instructions to (1) calculate Lopez's custody credits up to his August 2, 2024 resentencing and (2) (a) clarify if it reimposed all fines from Lopez's original sentence and, if so, (b) vacate any remaining balance on the section 1202.4 restitution fine.  In all other respects, we affirm the judgment.


                                                            CASTILLO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


HUFFMAN, J.*

---

\*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.